# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Antoine Braxton, et. al.,
    Plaintiffs

  vs                                          Case No. C-1-05-555
                                                (Beckwith, J.)
Teco Barge Line, Inc.,          (Hogan, M.J.)
et.al.,
    Defendants

## ORDER

      This matter is before the Court on Plaintiff's Motion to Compel (Doc. 22). To date, Defendants have filed no response to said motion.

      Plaintiff requests an order directing Defendant Teco Barge Line to produce certain requested witnesses for deposition. Plaintiff claims that Defendants have been dilatory in their responses to Plaintiff's repeated requests for convenient dates upon which to depose certain witnesses who are currently employees of Teco. Plaintiff, after six months of attempts at obtaining a mutually agreeable date (*see* Doc. 22, Ex. A, Letters between counsel), has apparently noticed the depositions of Jarrod Pickens, Gary Barrier, David Brawner for July 31, 2006 in the office of Plaintiff's counsel. (Id., Ex. C, Notices of Deposition). Apparently, Defendants' counsel is not available on that date, but has offered no definitive alternate date for said depositions. Moreover, Defendants, in failing to respond to Plaintiff's motion, have not offered their "side of the story."

      In light of Plaintiff's numerous requests for a mutually agreeable date upon which to take the deposition of Defendants' witnesses, and Defendants' apparent failure to timely respond, the Court finds the Plaintiff's unilateral notice of depositions to be appropriate and proper under Fed. R. Civ. P. 30(b)(1). Unless Defendants can offer a *mutually* agreeable alternate date for said depositions prior to July 31, 2006, Defendants shall comply with Plaintiff's discovery requests and produce the

designated witnesses for deposition on July 31, 2006 at the offices of Plaintiff's counsel.

Plaintiff also seeks an award of sanctions against Defendants based upon their failure to provide their employees for deposition. We find Plaintiff's request to be premature. While this Court encourages counsel to work together to obtain mutually agreeable dates for depositions, counsel is certainly within his rights under the Federal Rules of Civil Procedure, when faced with a uncooperative opponent, to unilaterally notice the deposition of witnesses. This is what Plaintiff has done. Defendants must now comply with Plaintiff's notice of deposition, cooperate with Plaintiff in selecting an alternative date, or face possible sanctions.

## IT IS THEREFORE ORDERED THAT:

1) Plaintiff's Motion to Compel (Doc. 22) is GRANTED in part and DENIED in part in accordance with the decision herein.

SO ORDERED.


Date: 7/21/2006                         s/Timothy S Hogan
                                        Timothy S. Hogan
                                        United States Magistrate Judge


J:\SMITHLE\DISCOVRY\Braxton.mtc.wpd